UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD HAYES, MANUEL DEMENEZES, and RONALD LEVESQUE, Plaintiffs, | : | |
| v. | : | C.A. No. 08-191-S |
| SIMS CAPITAL MANAGEMENT, LLC, HERBERT J. SIMS & CO., SCM FREEDOM BAY, LLC, SIMS FREEDOM BAY, LLC, WILLIAM B. SIMS, R. JEFFREY SANDS, and JAMES EAGAN, Defendants. | : | |

ANSWER AND COUNTERCLAIM OF DEFENDANTS HERBERT J. SIMS, & CO., INC., SIMS FREEDOM BAY, LLC, WILIAM B. SIMS AND R. JEFFREY SANDS

NOW COME Defendants Herbert J. Sims & Co., Inc., ("HJ Sims & Co."), Sims Freedom Bay, LLC ("Sims Freedom Bay"), Williams B. Sims ("Sims") and R. Jeffrey Sands ("Sands," and collectively "These Defendants") and for their answer to Plaintiffs' Complaint state as follows:

Parties

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint.
2. These Defendants admit only that Sims Capital Management, LLC ("SCM") is a limited liability company organized under the laws of the State of Delaware, but deny the remaining allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. These Defendants admit only that HJ Sims & Co. is a corporation organized under the laws of the State of Connecticut and is an investment banking and brokerage firm, but deny the remaining allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. These Defendants admit only that SCM Freedom Bay, LLC ("SCM Freedom Bay") is a limited liability company organized under the laws of the State of Delaware, but deny the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. These Defendants admit only that Sims Freedom Bay, LLC ("Sims Freedom Bay") is a limited liability company organized under the laws of the State of Connecticut, but deny the remaining allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. These Defendants admit only that Sims is an officer of HJ Sims & Co. and further state that he is a resident of the State of Connecticut. These Defendants deny the remaining allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. These Defendants admit only that Sands is an officer of HJ Sims & Co. and further state that he is a resident of the State of Connecticut. These Defendants deny the remaining allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. These Defendants state only that, upon information and belief, James Eagan ("Eagan") is a resident of the State of Connecticut. These Defendants further state that, at all times relevant hereto, SCM paid HJ Sims & Co. for rent, overhead and other expenses for the use of space at HJ Sims & Co.'s offices in the State of Connecticut and that Eagan, in his capacity as a representative of SCM, was present and used such office space. These Defendants deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. In response to the allegations set forth in paragraph 9 of Plaintiffs' Complaint, These Defendants deny the accuracy of the collective use of the term "the Sims defendants," as the alleged conduct attributed to "the Sims defendants" was not caused by or known to These Defendants, as more specifically discussed in response to the individual paragraphs of Plaintiffs' Complaint set forth herein.

Allegations Common To All Counts

10. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. To the extent that the allegations contained in paragraph 15 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.

16. To the extent that the allegations contained in paragraph 16 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These

Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.

17. These Defendants admit only the first sentence in paragraph 17 of Plaintiffs' Complaint and deny the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. The allegations contained in paragraph 18 of Plaintiffs' Complaint are directed against Defendants Eagan and/or SCM and are not directed against These Defendants. These Defendants deny the allegations contained in 18 of Plaintiffs' Complaint insofar as any remaining allegation in paragraph 18 might be construed to pertain to them, including that in October, 2003, Eagan acted in concert with Sands and Sims.

19. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' state of mind. The remaining allegations contained in paragraph 19 of Plaintiffs' Complaint are directed against Defendant Eagan and are not directed against These Defendants. These Defendants deny the remaining allegations contained in paragraph 19 of Plaintiffs' Complaint insofar as any of the remaining allegations in paragraph 19 might be construed to pertain to them.

20. These Defendants deny that Defendant Eagan was "acting in concert with Sands and Sims" as alleged in paragraph 20 of Plaintiffs' Complaint. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. To the extent that the allegations contained in paragraph 22 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.
23. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiffs' Complaint.
24. To the extent that the allegations contained in paragraph 24 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.
25. To the extent that the allegations contained in paragraph 25 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.
26. To the extent that the allegations contained in paragraph 26 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.

27. To the extent that the allegations contained in paragraph 27 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.

28. To the extent that the allegations contained in paragraph 28 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.

29. To the extent that the allegations contained in paragraph 29 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.

30. To the extent that the allegations contained in paragraph 30 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.

31. To the extent that the allegations contained in paragraph 31 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief

as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.

32. To the extent that the allegations contained in paragraph 32 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.

33. To the extent that the allegations contained in paragraph 33 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.

34. These Defendants admit only that Sims Freedom Bay made a $6 million mezzanine loan to AACA and Freedom Bay Cottages, LLC, which loan was personally guaranteed by Plaintiffs. These Defendants further admit that Sims Freedom Bay was granted as collateral for the mezzanine loan, *inter alia*, a subordinate mortgage position on the two parcels where the cottages were being constructed and a third mortgage position on the remainder of the 106 acres. These Defendants deny the remaining allegations contained in paragraph 34 of Plaintiffs' Complaint.

35. With respect to the allegations in the first sentence of paragraph 35 of Plaintiffs' Complaint, These Defendants state that the loan documents speak for themselves. These Defendants deny the remaining allegations contained in paragraph 35 of Plaintiffs' Complaint.

36. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37. To the extent that the allegations contained in paragraph 37 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.

38. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. With respect to the allegations contained in paragraph 39 of Plaintiffs' Complaint, Sims Freedom Bay admits only that it assented to Plaintiffs' request to engage in due diligence with PRN Marshall on the proposed loans. These Defendants deny the remaining allegations contained in paragraph 39 of Plaintiffs' Complaint.

40. With respect to the allegations contained in paragraph 40 of Plaintiffs' Complaint, Sims Freedom Bay admits only that it was advised that the proposed PRN Marshall bridge loan in the amount of $3,850,000 was scheduled to close on December 22, 2005. These Defendants deny the remaining allegations contained in paragraph 40 of Plaintiffs' Complaint.

41. These Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42. With respect to the allegations contained in paragraph 42 of Plaintiffs' Complaint, Sims Freedom Bay admits only that it extended the obligation of AACA and Freedom Bay Cottages, LLC on the mezzanine loan one month until January 31, 2006. These

Defendants deny the remaining allegations contained in paragraph 42 of Plaintiffs' Complaint.

43. With respect to the allegations contained in paragraph 43 of Plaintiffs' Complaint, Sims Freedom Bay admits only that it was advised of a revised proposed PRN Marshall loan structure. These Defendants deny the remaining allegations contained in paragraph 43 of Plaintiffs' Complaint.

44. With respect to the allegations contained in paragraph 44 of Plaintiffs' Complaint, Sims Freedom Bay admits only that it was advised of further revisions to the PRN Marshall proposed loan structure. These Defendants deny the remaining allegations contained in paragraph 44 of Plaintiffs' Complaint.

45. With respect to the allegations contained in paragraph 45 of Plaintiffs' Complaint, Sands admits only that in his capacity as a representative of Sims Freedom Bay, he requested that Plaintiffs attend a meeting in February, 2006, and that such meeting was conducted in Southport, Connecticut on February 14, 2006. Sands further admits that the purpose of the meeting was to discuss the default under the terms of the mezzanine loan. These Defendants deny the remaining allegations contained in paragraph 45 of Plaintiffs' Complaint.

46. These Defendants deny the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47. These Defendants admit only that Sims Freedom Bay was a party to the forbearance agreement identified in paragraph 47 of Plaintiffs' Complaint, the terms of which speak for themselves. These Defendants deny the remaining allegations contained in

paragraph 47 insofar as any allegation contained in paragraph 47 might be construed to pertain to them.

48. These Defendants deny the allegations contained in paragraph 48 insofar as any allegation contained in paragraph 48 might be construed to pertain to them.

49. To the extent that the allegations contained in paragraph 49 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations, including that These Defendants by their intransigience caused Discovery to withdraw its proposal.

50. These Defendants admit the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51. With respect to the allegations contained in paragraph 51 of Plaintiffs' Complaint, These Defendants admit only that Nordbank acquired the entire development from the court appointed receiver in July, 2007. These Defendants deny the remaining allegations contained in paragraph 51 of Plaintiffs' Complaint.

52. With respect to the allegations contained in paragraph 52 of Plaintiffs' Complaint, These Defendants admit only that Sands attended a meeting on December 6, 2007 with residents of Freedom Bay and a representative of Nordbank, at which meeting a rough preliminary outline of a conditional plan was discussed. These Defendants deny the remaining allegations contained in paragraph 52 of Plaintiffs' Complaint.

53. To the extent that the allegations contained in paragraph 53 of Plaintiffs' Complaint relate to the actions, conduct or knowledge of persons or entities other than These Defendants, These Defendants deny knowledge or information sufficient to form a belief as the truth of such allegations. To the extent that such allegations relate to the actions, conduct or knowledge of These Defendants, These Defendants deny such allegations.

COUNT 1 (Breach of Fiduciary Duty)

54. These Defendants reassert and incorporate by reference their responses to paragraphs 1 through 53 of Plaintiffs' Complaint, inclusive, as though fully set forth herein.

55. These Defendants deny the allegations contained in paragraph 55 of Plaintiffs' Complaint insofar as any allegation in paragraph 55 might be construed to pertain to them.

56. These Defendants deny the allegations contained in paragraph 56 of Plaintiffs' Complaint, including subparts, insofar as any allegation in paragraph 56, including subparts, might be construed to pertain to them.

57. These Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Complaint insofar as any allegation in paragraph 57 might be construed to pertain to them.

58. These Defendants deny the allegations contained in paragraph 58 of Plaintiffs' Complaint insofar as any allegation in paragraph 58 might be construed to pertain to them.

59. These Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Complaint insofar as any allegation in paragraph 59 might be construed to pertain to them.

COUNT 2 (Breach of Implied Covenant of Good Faith and Fair Dealing)

60. These Defendants reassert and incorporate by reference their responses to paragraphs 1 through 59 of Plaintiffs' Complaint, inclusive, as though fully set forth herein

61. These Defendants deny the allegations contained in paragraph 61 of Plaintiffs' Complaint insofar as any allegation in paragraph 61 might be construed to pertain to them.

62. These Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Complaint, including subparts, insofar as any allegation in paragraph 62, including subparts, might be construed to pertain to them.

63. These Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Complaint insofar as any allegation in paragraph 63 might be construed to pertain to them.

64. These Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Complaint insofar as any allegation in paragraph 64 might be construed to pertain to them.

COUNT 3 (Fraud)

65. These Defendants reassert and incorporate by reference their responses to paragraphs 1 through 64 of Plaintiffs' Complaint, inclusive, as though fully set forth herein.

65. [sic] These Defendants deny the allegations contained in misnumbered paragraph 65 of Plaintiffs' Complaint insofar as any allegation in misnumbered paragraph 65 might be construed to pertain to them.

66. These Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Complaint, including subparts, insofar as any allegation in paragraph 66, including subparts, might be construed to pertain to them.

67. These Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Complaint insofar as any allegation in paragraph 67 might be construed to pertain to them.

COUNT 4 (Breach of Fiduciary Duty/Unlawful Shifting of Tax Liability)

68. These Defendants reassert and incorporate by reference their responses to paragraphs 1 through 52 of Plaintiffs' Complaint, inclusive, as though fully set forth herein.

69. These Defendants deny the allegations contained in paragraph 69 of Plaintiffs' Complaint insofar as any allegation in paragraph 69 might be construed to pertain to them.

70. These Defendants deny the allegations contained in paragraph 70 of Plaintiffs' Complaint insofar as any allegation in paragraph 70 might be construed to pertain to them.

71. These Defendants deny the allegations contained in paragraph 71 of Plaintiffs' Complaint insofar as any allegation in paragraph 71 might be construed to pertain to them.

72. These Defendants deny the allegations contained in paragraph 72 of Plaintiffs' Complaint insofar as any allegation in paragraph 72 might be construed to pertain to them.

73. These Defendants deny the allegations contained in paragraph 73 of Plaintiffs' Complaint insofar as any allegation in paragraph 73 might be construed to pertain to them.

COUNT 5 (Negligence and/or Willful/Improper Shifting of Tax Liability)

74. These Defendants reassert and incorporate by reference their responses to paragraphs 68 through 71 of Plaintiffs' Complaint, inclusive, as though fully set forth herein.

75. These Defendants deny the allegations contained in paragraph 75 of Plaintiffs' Complaint insofar as any allegation in paragraph 75 might be construed to pertain to them.

76. These Defendants deny the allegations contained in paragraph 76 of Plaintiffs' Complaint insofar as any allegation in paragraph 76 might be construed to pertain to them.

COUNT 6 (Intentional and/or Negligent Infliction of Emotional Distress)

77. These Defendants reassert and incorporate by reference their responses to paragraphs 1 through 76 of Plaintiffs' Complaint, inclusive, as though fully set forth herein.

78. These Defendants deny the allegations contained in paragraph 78 of Plaintiffs' Complaint insofar as any allegation in paragraph 78 might be construed to pertain to them.

79. These Defendants deny the allegations contained in paragraph 79 of Plaintiffs' Complaint insofar as any allegation in paragraph 79 might be construed to pertain to them.

AFFIRMATIVE DEFENSES

FIRST DEFENSE

Plaintiffs are barred from maintaining their claims by the doctrines of estoppel and waiver.

SECOND DEFENSE

The Complaint fails to state claims against These Defendants upon which relief can be granted because Plaintiffs have released all claims in writing.

THIRD DEFENSE

The Complaint should be dismissed as against Herbert J. Sims & Co., Inc., William B. Sims and R. Jeffrey Sands because this Court lacks personal jurisdiction over each such defendant.

FOURTH DEFENSE

The alleged damages were caused by the negligence, actions and/or conduct of the Plaintiffs.

FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

SIXTH DEFENSE

Plaintiffs are not entitled to punitive damages against These Defendants.

SEVENTH DEFENSE

The Complaint should be dismissed as against William B. Sims and R. Jeffrey Sands because William B. Sims and R. Jeffrey Sands at all times were not acting in their individual capacities, as known by Plaintiffs.

EIGHTH DEFENSE

Plaintiffs' claim for intentional and/or negligent infliction of emotional distress fails to state a claim upon which relief may be granted in that Plaintiffs fail to allege any physical manifestation of their alleged distress.

NINTH DEEFENSE

Plaintiffs' claim for fraud fails to state a claim upon which relief may be granted under Rule 9(b) of the Federal Court Rules of Civil Procedure in that Plaintiffs fail to aver with particularity the circumstances constituting the alleged fraud.

TENTH DEFENSE

Plaintiffs' claims are barred as no duty, fiduciary or otherwise, existed as between These Defendants and Plaintiffs.

ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

TWELFTH DEFENSE

The Complaint should be dismissed in that Plaintiffs lack standing.

WHEREFORE, Defendants Herbert J. Sims & Co., Inc., Sims Freedom Bay, LLC, William B. Sims, and R. Jeffrey Sands pray that:

(a) Plaintiffs' Complaint be dismissed with prejudice as to Herbert J. Sims & Co., Inc., Sims Freedom Bay, LLC, William B. Sims and R. Jeffrey Sands;

(b) Plaintiffs' demand for relief against Herbert J. Sims & Co., Inc., Sims Freedom Bay, LLC, William B. Sims and R. Jeffrey Sands be denied in every respect;

(c) Herbert J. Sims & Co., Inc., Sims Freedom Bay, LLC, William B. Sims and R. Jeffrey Sands be awarded costs in connection with this litigation, including reasonable attorneys' fees; and

(d) the Court grant such other and further relief as maybe just, proper, and equitable.

**HERBERT J. SIMS & CO., INC., SIMS FREEDOM BAY, LLC, WILLIAM B. SIMS AND R. JEFFREY SANDS HEREBY DEMAND TRIAL BY JURY ON PLAINTIFFS' COMPLAINT**

## COUNTERCLAIM

Now comes Defendant/Counterclaim Plaintiff Sims Freedom Bay, LLC ("Sims Freedom Bay") and for its Counterclaim against Plaintiffs/Counterclaim Defendants Edward Hayes ("Hayes"), Manuel Demenzes ("Demenzes") and Ronald Levesque ("Levesque") states as follows:

Parties

1. Sims Freedom Bay is a limited liability company organized under the laws of the State of Connecticut and having its principal place of business in the County of Fairfield, State of Connecticut.
2. Upon information and belief, Hayes is a citizen of the Town of Portsmouth, County of Newport, State of Rhode Island
3. Upon information and belief, Demenzes is a citizen of the Town of Portsmouth, County of Newport, State of Rhode Island.
4. Upon information and belief, Levesque is a citizen of the Town of Portsmouth, County of Newport, State of Rhode Island.

Jurisdiction

5. This Court has jurisdiction over this Counterclaim pursuant to the provisions of 28 U.S.C. § 1332(a) and § 1367(a).

Facts

6. Upon information and belief, Adult Assisted Care Associates, LLC ("AACA") is a limited liability company organized under the laws of the State of Rhode Island in or about 1998 for the purpose of constructing an adult assisted care facility.
7. On or about July 14, 2005, AACA, among others, executed and delivered to Sims Freedom Bay a Loan Agreement and Promissory Note in the original principal amount of Six Millions Dollars ($6,000,000.00) (collectively, the "Loan Agreement and Note," a copy of which is attached hereto as Exhibit A).
8. On or about July 14, 2005, Plaintiffs/Counterclaim Defendants, each in his individual capacity, executed and delivered to Sims Freedom Bay a written Unconditional

Guaranty of Payment and Performance of the obligations of AACA under the Loan Agreement and Note (the "Guaranty"). Pursuant to the terms of the Guaranty, Plaintiffs/Counterclaim Defendants absolutely, irrevocably, unconditionally, and jointly and severally guaranteed to Sims Freedom Bay the full payment and performance of all duties, liabilities, payments and other obligations of AACA owed to Sims Freedom Bay under the Loan Agreement and Note. A copy of the Guaranty is attached hereto as Exhibit B.

9. Pursuant to the terms of the Loan Agreement and Note, Sims Freedom Bay loaned the sum of Six Million Dollars ($6,000,000.00) to AACA and others.

10. AACA has defaulted in its obligations under the terms of the Loan Agreement and Note in that, *inter alia*, it has failed to make payment when due in accordance with its terms.

COUNT I
Breach of Guaranty

11. Sims Freedom Bay incorporates and restates the allegations contained in paragraphs 1 through 10 of Defendant/Counterclaim Plaintiff's Counterclaim as though fully set forth herein.

12. Pursuant to the terms of the Loan Agreement and Note and the Guaranty, each Plaintiff/Counterclaim Defendant is jointly and severally liable to Sims Freedom Bay in the sum of $6,000,000.00, plus accrued and accruing interest, costs, expenses and attorneys' fees.

13. Plaintiffs/Counterclaim Defendants are in breach of their obligations under the Guaranty.

14. Sims Freedom Bay is entitled to compensatory damages in an amount sufficient to confer jurisdiction upon this Court.

WHEREFORE, Sims Freedom Bay, LLC demands judgment against Edwards Hayes, Manuel Demenzes and Ronald Levesque in an amount to be determined at trial, plus interest, costs, and attorneys' fees as provided by law and by contract.

**SIMS FREEDOM BAY, LLC HEREBY DEMANDS TRIAL BY JURY ON ITS COUNTERCLAIM**

HERBERT J. SIMS & CO., INC., SIMS FREEDOM BAY, LLC, WILLIAM B. SIMS AND R. JEFFREY SANDS

By their Attorneys,

/s/ Kristin E. Rodgers

Joseph V. Cavanagh, Jr. (#1139)
Kristin E. Rodgers (#4842)
BLISH & CAVANAGH LLP
30 Exchange Terrace
Providence, RI 02903
Tel: (401) 831-8900
Fax: (401) 751-7542
jvc@blishcavlaw.com
ker@blishcavlaw.com

Of counsel:
Paul J. Ricotta, Esq.
Mintz, Levin Cohn Ferris Glovsky & Popeo
One Financial Center
Boston, MA 02111
pjricotta@mintz.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2008, an exact copy of the within document was electronically submitted to the Electronic Case Filing System of the United States District Court for its electronic distribution to all counsel of record as follows:

Joseph R. Palumbo, Esq.
joseph@palumbolaw.net

John E. Bulman, Esq.
jbulman@lmkbw.com

Michael D. Williams, Esq.
mwilliams@lmkbw.com

R. Thomas Dunn, Esq.
tdunn@lmkbw.com

/s/ Kristin E. Rodgers
____________________________
of Blish & Cavanagh LLP

F:\DOCS\ker1\KER 1\Sims\ANSWER.docx