UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD HAYES, et al., | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 08-191 |
| | ) | |
| SIMS CAPITAL MANAGEMENT, LLC, et al., | ) | |
| Defendants | ) | |

ANSWER

Defendants Sims Capital Management, LLC, SCM Freedom Bay, LLC, and James Eagan (collectively, the “SCM Defendants”), hereby answer the Complaint as follows:

1. The SCM Defendants neither admit nor deny the allegations in Paragraph 1 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

2. Admitted.

3. Admitted that Herbert J. Sims & Co., Inc. is a Connecticut corporation, and otherwise, the SCM Defendants neither admit nor deny the remaining allegations in Paragraph 3 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

4. Admitted that SCM Freedom Bay, LLC conducted business in Rhode Island and is a Delaware limited liability corporation, otherwise denied.

5. Denied that Sims Freedom Bay LLC is an affiliate of Herbert J. Sims & Co., Inc., and otherwise the SCM Defendants neither admit nor deny the remaining allegations in Paragraph 5 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

6. Admitted that Mr. Sims is a principal in Herbert J. Sims & Co., denied that Mr. Sims

is a principal in Sims Capital Management, LLC and was doing business in Rhode Island, and otherwise the SCM Defendants neither admit nor deny the remaining allegations in Paragraph 6 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

7. Admitted that Mr. Sands is a principal in Herbert J. Sims & Co., denied that Mr. Sands is a principal in Sims Capital Management, LLC and was doing business in Rhode Island, and otherwise the SCM Defendants neither admit nor deny the remaining allegations in Paragraph 7 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

8. Admitted that Mr. Eagan was at all times a principal in Sims Capital Management, LLC, admitted that Mr. Eagan has experience in some aspects of the management and investment issues in the senior care and long-term care industry, and admitted that Sims Capital Management, LLC maintained an office in the offices of Herbert J. Sims & Co., Inc. until late 2004, at which time Sims Capital Management, LLC moved its office to a home office at 652 Ponus Ridge Road, New Canaan, Connecticut, and otherwise denied.

9. The SCM Defendants neither admit nor deny the averment in Paragraph 9, as it does not contain an allegation of fact. To the extent that Paragraph 9 is construed to contain allegations of fact, they are denied.

10.-12. The SCM Defendants neither admit nor deny the allegations in Paragraphs 10-12 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

13. Admitted.

14. The SCM Defendants neither admit nor deny the allegations in Paragraph 14 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

15. Denied that Plaintiffs proposed providing a 35% ownership interest in Adult Assisted Care Associates, LLC, and otherwise the SCM Defendants neither admit nor deny the remaining allegations in Paragraph 15 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

16. Admitted that Sims Capital Management LLC declined Plaintiffs' request for financing, denied that Mr. Eagan was involved in any discussions with Mr. Hayes or Mr. Levesque about the subject project outside of his capacity as Managing Director of Sims Capital Management LLC, and otherwise the SCM Defendants neither admit nor deny the remaining allegations in Paragraph 16 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

17. The SCM Defendants neither admit nor deny the allegations in Paragraph 17 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

18. Denied.

19. Denied that Mr. Eagan made a proposal, assurances, or guarantees for timelines on the closing of any financing, and otherwise the SCM Defendants neither admit nor deny the remaining allegations in Paragraph 19 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

20. Admitted that Freedom Bay, LLC entered into a purchase and sales agreement, denied that Mr. Eagan made any representations or warranties, denied that Mr. Eagan acted in concert with Mr. Sands and Mr. Sims, denied that there was any reliance by Plaintiffs, and otherwise the SCM Defendants neither admit nor deny the remaining allegations in Paragraph 20 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

21.-23. Denied.

24. Admitted that this event occurred during the spring of 2004, otherwise denied.

25. Denied.

26. Denied that SCM Freedom Bay, LLC obtained a 35% ownership interest in Adult Assisted Care Associates, LLC, and denied that the SCM Defendants set forth numerous management decisions which would require their approval and did thereafter assume an active management role in the project, otherwise admitted.

27. Denied.

28. Denied that representations or warranties were made and that Plaintiffs relied on same, and otherwise the SCM Defendants neither admit nor deny the remaining allegations in Paragraph 28 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

29. Denied.

30. Admitted.

31.-33. Denied.

34. Denied that Herbert J. Sims & Co. arranged the mezzanine loan, otherwise admitted.

35.-36. Denied.

37. The SCM Defendants neither admit nor deny the allegations in Paragraph 37 of the Complaint pertaining to the actions of Levesque, Hayes, and DeMenezes, being without sufficient knowledge to do so, and leave Plaintiffs to their proof; otherwise, the remaining allegations in Paragraph 37 are denied.

38. The SCM Defendants neither admit nor deny the allegations in Paragraph 38 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

39. Admitted that the SCM Defendants were advised of the PRN Marshall financing

proposal, otherwise denied.

40. Admitted that the closing on the bridge loan was scheduled for December 22, 2005, otherwise denied.

41. Denied.

42. Admitted.

43.-44. The SCM Defendants' alleged role in the proposed loan structuring is denied, and otherwise the SCM Defendants neither admit nor deny the remaining allegations in Paragraphs 43 and 44 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

45. Admitted that the February 14, 2006 meeting occurred, the SCM Defendants neither admit nor deny the allegations concerning Mr. Sands' representations, being without sufficient knowledge to do so, and leave Plaintiffs to their proof, otherwise denied.

46. The SCM Defendants neither admit nor deny the allegations in Paragraph 46 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

47.-49. Denied.

50. Admitted that the project was placed into receivership in Newport Superior Court in December 2006, otherwise denied.

51. Admitted that Nordbank acquired the entire development out of the court-imposed Receivership, and otherwise the SCM Defendants neither admit nor deny the remainder of the allegations in Paragraph 51 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

52.-53. The SCM Defendants neither admit nor deny the allegations in Paragraphs 52 and 53 of the Complaint, being without sufficient knowledge to do so, and leave Plaintiffs to their proof.

**COUNT 1 (Breach of Fiduciary Duty)**

54. The SCM Defendants repeat and re-allege their responses to paragraphs 1 through 53 of the Complaint, as if set forth fully herein.

55.-59. Denied.

**COUNT 2 (Breach of Implied Covenant of Good Faith and Fair Dealing)**

60. The SCM Defendants repeat and re-allege their responses to paragraphs 1 through 59 of the Complaint, as if set forth fully herein.

61.-64. Denied.

**COUNT 3 (Fraud)**

65. The SCM Defendants repeat and re-allege their responses to paragraphs 1 through 64 of the Complaint, as if set forth fully herein.

65.[sic]-67. Denied.

**COUNT 4 (Breach of Fiduciary Duty / Unlawful Shifting of Tax Liability)**

68. Although Plaintiffs only incorporate by reference the allegations contained in paragraphs 1-52, the SCM Defendants repeat and re-allege their responses to paragraphs 1 through 67 of the Complaint, as if set forth fully herein

69.-73. Denied.

**COUNT 5 (Negligence and / or Willful / Improper Shifting of Tax Liability)**

74. The SCM Defendants repeat and re-allege their responses to paragraphs 68 through 71 of the Complaint, as if set forth fully herein.

75.-76. Denied.

**COUNT 6 (Intentional and / or Negligent Infliction of Emotional Distress**

77. The SCM Defendants repeat and re-allege their responses to paragraphs 1 through 76 of the Complaint, as if set forth fully herein.

78.-79. Denied.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred by the Doctrine of Waiver.

**THIRD DEFENSE**

Plaintiffs are estopped from asserting their claims due to their own acts and conduct.

**FOURTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

**FIFTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by a March 17, 2006 Forbearance and Modification Agreement that each of them executed and personally guaranteed.

**SIXTH DEFENSE**

If Plaintiffs suffered damages as alleged, which the SCM Defendants deny, the same was due to their want of due care under the circumstances.

**SEVENTH DEFENSE**

Any damages the Plaintiffs may have sustained are the proximate result of the conduct of

a third party or third parties for whom the SCM Defendants are not legally responsible.

**EIGHTH DEFENSE**

Plaintiffs' claims based on negligence are barred or reduced by their own contributory or comparative negligence.

**NINTH DEFENSE**

The SCM Defendants affirmatively plead lack of duty as to Counts 1, 2, and 4 of the Complaint.

**TENTH DEFENSE**

The SCM Defendants affirmatively plead that if a duty existed as to Counts 1, 2, and 4 of the Complaint, which they deny, that duty was not breached nor are the damages alleged by Plaintiffs directly or proximately caused by any alleged breach.

**ELEVENTH DEFENSE**

There is no recognized cause of action for "Willful / Improper Shifting of Tax Liability."

**TWELFH DEFENSE**

Plaintiffs fail to bring claims on behalf of Adult Assisted Care Associates, LLC ("AACA"), Sims Capital Management, LLC, or SCM Freedom Bay, LLC, and Plaintiffs do not plead "with particularity" the facts necessary to maintain a derivative action under Federal Rule of Civil Procedure 23.1, and therefore Counts 1 and 4 are barred.

**THIRTEENTH DEFENSE**

The claims of Plaintiffs Hayes and DeMenezes under Count 1 are barred because neither individual was nor is alleged to have been a member of AACA.

**FOURTEENTH DEFENSE**

Plaintiffs' claims against Defendant Eagan are barred under Count 1 because he is not alleged to have been a member of AACA.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred because their damages arise from Plaintiffs' business decisions, and not from Defendants' acts or omissions.

**SIXTEENTH DEFENSE**

Plaintiffs' claims under Count 1 are barred because an ordinary debtor-creditor relationship does not give rise to any fiduciary obligation.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred because they are sophisticated businessmen who conducted transactions with some or all of the Defendants at arms length.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred because they plead their own ratification of the agreement terms that they now base most or all of their claims upon.

**NINETEENTH DEFENSE**

Plaintiffs' claims under Count 2 are barred because they fail to identify which contract is the basis for that Count.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred by the Economic Loss Doctrine.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred in whole or in part because they lack standing to assert them.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims against Mr. Eagan are barred in whole because at all times relevant to the Complaint, Mr. Eagan was acting on behalf of Sims Capital Management, LLC and not in an individual capacity.

WHEREFORE, the SCM Defendants demand judgment against Plaintiffs, plus costs and such further relief as this Court deems appropriate under the circumstances.

/s/Michael D. Williams
John E. Bulman
jbulman@lmkbw.com
Michael D. Williams
mwilliams@lmkbw.com
R. Thomas Dunn
tdunn@lmkbw.com
Little Medeiros Kinder
Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 521-3555

Dated: July 8, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that service of the within pleading was made on all parties in interest by e-mailing the within Notice of Appearance to:

Joseph V. Cavanagh, Jr., Esquire
jvc@blishcavlaw.com
Kristin E. Rodgers, Esquire
ker@blishcavlaw.com
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903

Joseph R. Palumbo, Jr., Esquire
joseph@palumbolaw.net
294 Valley Road
Middletown, RI 02842

/s/Michael D. Williams